

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2004

# Douglas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2924

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Douglas v. Atty Gen USA" (2004). *2004 Decisions.* Paper 911.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/911

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2924
_____

BASIL DOUGLAS,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

(No. A70-844-938)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2004

BEFORE: NYGAARD, SMITH, and GREENBERG, Circuit Judges.

(Filed:  March 26, 2004)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Basil Washington Douglas petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion the decision of an Immigration Judge ("IJ"), upholding the Immigration and Naturalization Service ("INS") District Director's denial of a joint petition for the removal of the conditional basis of Douglas's permanent resident status. We will deny his petition.

I.

Since we write solely for the parties, a brief review of the facts will suffice. Douglas is a native and citizen of Jamaica, and has three grown children who reside there. He entered the United States as a visitor in 1990, and testified in front of the IJ that he met Beatrice Richardson, a U.S. citizen, in December 1990. Douglas and Richardson married in April 1993, and Douglas was granted conditional lawful permanent resident status, set to expire in April 1996. In January 1996, Douglas and his wife filed a joint petition to remove the conditions on his permanent resident status. Douglas testified that problems developed in the marriage as a result of his desire to send money to his grown children in Jamaica, and that he and his wife separated in July 1996.

Douglas and his wife appeared together, however, in an August 1997 interview with the INS regarding their joint application. At the time, both lied and told the INS official that they were living together, although Douglas later admitted they had been

2

separated for at least a year. During the INS interview, Douglas and his wife gave numerous inconsistent answers regarding the details of his employment and the setup of the apartment where they claimed to be living. Based on these discrepancies, as well as a paucity of reliable evidence supporting the validity of the marriage, the INS District Director denied their joint application.

The IJ affirmed the denial of the joint application after a hearing in January 1999, holding that the government had clearly established that Douglas's marriage was entered into for immigration purposes. The BIA affirmed the IJ's decision without opinion, and Douglas appealed.

## II.

Douglas first challenges the BIA's decision to affirm the IJ's ruling without an opinion, as is provided for under the BIA's streamlining regulations. 8 C.F.R. § 1003.1(a)(7) (2004). This issue is disposed of by this Court's recent opinion in *Dia v. Ashcroft*, which upheld the validity of the streamlining regulations. 353 F.3d 228, 234 (3d Cir. 2003) (en banc). In accordance with *Dia*, when the BIA summarily affirms a decision of an IJ, we must look to the reasoning employed by the IJ in our review of that ruling. *Dia*, 353 F.3d at 244. We cannot, therefore, accept Douglas's invitation to examine the BIA's decision for abuse of discretion.

In reviewing an IJ's decision, we may not substitute our own interpretation of the facts, but must affirm the IJ's findings if they are supported by "substantial

evidence," such that "a reasonable fact finder could make such a determination." *Id.* at 249. "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS,* 157 F.3d 210, 216 (3d Cir. 1998) (internal quotations and citation omitted).

Douglas's contentions boil down to a dispute over the interpretation of the facts. He claims the government did not present adequate proof that his marriage was entered into for immigration purposes, and that the IJ erred in finding that the government had proven its case by a preponderance of the evidence. 8 U.S.C. § 1186a(c)(3)(D). A review of the record, however, establishes that the IJ's decision is supported by substantial evidence indicating that Douglas's marriage was not genuine.

Douglas's story is plagued by inconsistencies, as well as some outright lies. Douglas admitted to the IJ that he and his wife lied during the 1997 INS interview in order to cover up the dissolution of their marriage. He testified that he and his wife had separated in mid-1996, before the interview but after their joint application to remove the conditions on his residency status. When she filed for divorce in 1997, however, Douglas's wife indicated that she and Douglas had been separated since 1995. She did not appear to testify on his behalf in front of the IJ.

In fact, although the IJ gave him extra time to procure impartial witnesses, such as the pastor of the church he and his wife supposedly attended together, Douglas was only able to present two witnesses to his marriage – a childhood friend and his niece.

4

Neither witness presented detailed or specific information about the marriage, and given their lack of impartiality, the IJ reasonably accorded their testimony little weight. The additional letters Douglas produced from acquaintances only compromised his story further, since they indicated that the couple was living together until mid-1997, an assertion that Douglas admitted was untrue.

Given this evidence, it was reasonable for the IJ to hold that the government had carried its burden of proof by demonstrating that Douglas and his wife were separated, and had lied under oath about their relationship in the 1997 interview with the INS. Having admitted these lies, Douglas's credibility was called into question, and he failed to provide any evidence to rebut the government's contention that his marriage had been for the purpose of securing an immigration benefit.

## III.

For the reasons set forth above, we will affirm the BIA's final order of removal.